IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON BLISS,<br>    Plaintiff,<br><br>v.<br><br>ALLENTOWN POLICE DEP, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 25-CV-3622<br>:<br>:<br>: |

## MEMORANDUM

**HODGE, J.**                                                                                           **OCTOBER 16, 2025**

Plaintiff Jason Bliss, an inmate incarcerated at the Lehigh County Jail ("LCJ"), initiated this civil rights action by filing a *pro se* Complaint against the LCJ, the Allentown Police Department, Lehigh County Parole, LCJ Department Warden Mrs. McFadden, LCJ Correctional Officer ("CO") Stephanie Malenski, LCJ Employee Synthia Malenski, Allentown Police Officers Lieutenant Henning and Danial Walsowski, and Lehigh County Adult Probation Chief Kristin Beck.  For the following reasons, the Court will grant Bliss leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Bliss's allegations are brief.  First, he claims a CO, presumably Defendant Stephanie Malenski but unspecified, and a mail clerk, presumably Synthia Malenski but unspecified, stole his wallet and used his U.S. Bank card.  (Compl. at 4.)  He filed a grievance about this incident,

---

[1] Bliss used the form civil rights complaint available to unrepresented litigants to file his Complaint ("Compl."). (ECF No. 2.)  The factual allegations set forth in this Memorandum are taken from Complaint.  Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.  The Court notes Bliss mentions in the statement of his claims he "will continue" on a separate piece of paper, but nothing additional was attached to his Complaint.  (*Id*. at 4.)  The Court may also consider matters of public record when conducting a screening under § 1915.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

requesting "the CO and records employee" be fired, but did not receive a response.[2]  (*Id*. at 3.) He next claims an unidentified officer arrested him on his own property twice.  (*Id*. at 4.)  As a result of these events, he requests that charges and a lawsuit to be filed "for the money taken."[3]  (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Bliss leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] It is unclear if Bliss intended to bring constitutional claims against prison employees based on the handling of prison grievances.  If he did intend to bring such claims, they are dismissed because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)).

[3] Bliss also includes an allegation that he was wrongly kept on parole after "the charges were dropped" and parole officers "lied in Court to hide stuff in [Defendant] Kristen Becks order." (Compl. at 4.)  Shortly after filing this Complaint, Bliss filed a separate civil rights action, which is currently pending, against Lehigh County Parole, Beck, and others related to these allegations.  *See Bliss v. Lehigh County Parole, et al*., No. 25-4808 at ECF No. 2 (E.D. Pa. Aug. 15, 2025).  Bliss's parole-related claims in this lawsuit against Defendants Beck and Lehigh County Parole are unrelated factually or legally to his allegations of stolen property at the LCJ, and are misjoined.  These two groups of claims must, therefore, proceed in separate lawsuits.  *See Thompson v. Ferguson*, 849 F. App'x 33, 36 (3d Cir. 2021) (*per curiam*) ("Misjoinder of claims occurs when, among other things, the events that give rise to the plaintiff's claims do not stem from the same transaction.").  Defendants Beck and Lehigh County Parole will be dismissed from this lawsuit, and the Court will address any claims Bliss currently seeks to pursue related to his parole and those Defendants in his other case, No. 25-4808.

[4] Because Bliss is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

2

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Bliss is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The

3

important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

### III. DISCUSSION

The Court understands Bliss to allege claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Claims Against the LCJ

The § 1983 claims against the LCJ will be dismissed because a prison is not a "person" under Section 1983. *See Beaver v. Union Cnty. Pa.*, 619 F. App'x 80, 82 (3d Cir. 2015) (*per*

*curiam*) (affirming dismissal of claims against Northumberland County Prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *see also Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL 7495665, at *6 (E.D. Pa. Dec. 21, 2020); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citation omitted); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).

### B. Claims Against the Allentown Police Department

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983,[5] a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citation omitted). Therefore, the Allentown Police Department is not a proper defendant in this case under Section 1983 and will be dismissed.

---

[5] To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell,* 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

### C.  Claims Against CO Stephanie Malenski and Synthia Malenski

The Court understands Bliss to assert a Fourteenth Amendment due process claim based on deprivation of property against CO Stephanie Malenski and Synthia Malenski. Although he does not specifically identify Defendants CO Malenski and Synthia Malenski as the CO and mail clerk who allegedly stole his wallet and used his U.S. Bank card, (*see* Compl. at 4), these are the only defendants he lists as LCJ employees other than Warden McFadden. In any event, unauthorized intentional deprivations of property "[do] not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A correctional facility's grievance procedure provides an adequate postdeprivation remedy for intentional deprivations of property by correctional employees. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy). Accordingly, Bliss's due process claim is not plausible because he had an adequate remedy for the deprivation of his property through the prison grievance system. *See, e.g.*, *Mbewe v. Delbalso*, No. 23-2054, 2024 WL 510500, at *3 (3d Cir. Feb. 9, 2024) (*per curiam*) (affirming dismissal of due process claim: "The prison grievance procedure provides an adequate post-deprivation remedy, and the existence of this post-deprivation remedy forecloses [plaintiff's] due process deprivation of property claim") (citation omitted); *Ransome v. Longstreth*, No. 23-1726, 2023 WL 6122139, at *2 (3d Cir. Sept. 19, 2023) (*per curiam*) (existence of prison grievance process precluded due process claim, even where prisoner alleged violations of the grievance policy). "Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy." *Hernandez v. Corr. Emergency Response Team*, 771 F. App'x

6

143, 145 (3d Cir. 2019) (*per curiam*) (citing 42 Pa. C.S.A. § 8522(b)(3)); *see also Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *3 n.3 (3d Cir. Apr. 4, 2023) (*per curiam*) ("Even if the prison's grievance procedures were inadequate to address Lawson's claims, state tort law could serve as an adequate post-deprivation remedy."); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).  Therefore, his claims related to theft of his property will be dismissed.[6]

### D. Claims Against LCJ Department Warden Mrs. McFadden

Bliss names Warden McFadden, but makes no allegations about how she was involved in the incidents he describes.  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular

---

[6] The Court construes Bliss's request to "file charges" as asking for state criminal charges to be filed for the theft of his wallet and unauthorized use of his card. (Compl. at 4.) The Court cannot provide this relief because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207). *See also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Moreover, to the extent Bliss asserts claims against Warden McFadden solely because of her position at the LCJ, those claims are also not plausible. "Suits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *see also Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*). Because Bliss does not allege any facts from which the Court can infer that Warden McFadden is liable for any constitutional injuries, his claims against her are not plausible and will be dismissed without prejudice.

  **E.**  **Claims Against Lieutenant Henning and Officer Danial Walsowski**

Bliss names two City of Allentown police officers as defendants, Lieutenant Henning and Officer Walsowski, but does not assert any factual allegations against them either.  Therefore, his claims against them are not plausible because he does not allege how they were personally involved in any violation of his civil rights.[7]  *See Rode*, 845 F.2d at 1207.  Furthermore, the Complaint fails to provide fair notice of the grounds upon which his claims against Lieutenant Henning and Officer Walsowski rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  It is completely unclear what, if anything, Lieutenant Henning and Officer Walsowski did that caused him harm.  No defendant could reasonably be expected to respond to his allegations because they are ambiguous, vague, or otherwise unintelligible.  Accordingly, these claims will be dismissed for failure to comply with Rule 8.

### IV.     CONCLUSION

---

[7] Bliss claims "an officer" arrested him on his own property twice.  (Compl. at 4.)  He does not specify who this officer was, and it is unclear if the officer was one of these Defendants.  To the extent he attempts to raise a false arrest and false imprisonment claim under the Fourth Amendment, the claim is undeveloped.  To state a plausible claim, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *see also Noviho v. Lancaster Cnty.*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest.") (citation omitted).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

For the foregoing reasons, the Court will grant Bliss leave to proceed *in forma pauperis* and dismiss his Complaint. All claims against the LCJ, the Allentown Police Department, CO Malenski and Synthia Malenski, and any claims based on deprivation of property and the grievance process will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). His remaining claims will be dismissed without prejudice and the Court will grant Bliss an opportunity to file an amended complaint and provide more factual details about the "who, what, where, when and why" of his claims. *Davis v. IRS*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citation omitted). If he opts to proceed with an amended complaint, Bliss is reminded he may **NOT** reassert any claim that has already been dismissed with prejudice or any misjoined claim related to his parole or Defendants Berks and Lehigh County Parole dismissed without prejudice.

An appropriate Order follows, which provides further information about proceeding in this case.

        **BY THE COURT:**

        /s/ Hon. Kelley B. Hodge
        **KELLEY BRISBON HODGE, J.**